1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DEMETROIS T. DIXSON, | No. 2:20-cv-0998 CKD P |
| Plaintiff, | |
| v. | ORDER REFERRING CASE TO POST-SCREENING ADR PROJECT AND STAYING CASE FOR 120 DAYS |
| BETHLEHEM ASHEME HAILE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel.  Defendants have waived service of process.

The undersigned is referring all post-screening civil rights cases filed by pro se inmates to the Post-Screening ADR (Alternative Dispute Resolution) Project in an effort to resolve such cases more expeditiously and less expensively.  Defense counsel from the Office of the California Attorney General has agreed to participate in this pilot project.  No defenses or objections shall be waived by their participation.

As set forth in the screening order, plaintiff has stated a potentially cognizable civil rights claim.  Thus, the court stays this action for a period of 120 days to allow the parties to investigate plaintiff's claims, meet and confer, and then participate in a settlement conference.

////

1

1      There is a presumption that all post-screening civil rights cases assigned to the

2  undersigned will proceed to settlement conference.[1]  However, if after investigating plaintiff's

3  claims and speaking with plaintiff, and after conferring with defense counsel's supervisor,

4  defense counsel in good faith finds that a settlement conference would be a waste of resources,

5  defense counsel may move to opt out of this pilot project.  A motion to opt out must be filed

6  within sixty days of the date of this order.

7      Within thirty days, the assigned Deputy Attorney General shall contact the Courtroom

8  Deputy, Judy Streeter, at (916) 930-4004, to schedule the settlement conference.  If difficulties

9  arise in scheduling the settlement conference due to the court's calendar, the parties may seek an

10  extension of the initial 120 day stay.

11      Once the settlement conference is scheduled, at least seven days prior to conference, the

12  parties shall submit to the assigned settlement judge a confidential settlement conference

13  statement.  The parties' confidential settlement conference statement shall include the following:

14  (a) names and locations of the parties; (b) a short statement of the facts and alleged damages; (c) a

15  short procedural history; (d) an analysis of the risk of liability, including a discussion of the

16  efforts made to investigate the allegations; and (e) a discussion of the efforts that have been made

17  to settle the case; and (f) any documents which have not already been filed with the court and

18  which may be relevant to resolution of this case.

19      In accordance with the above, IT IS HEREBY ORDERED that:

20      1.  This action is stayed for 120 days to allow the parties an opportunity to settle their

21  dispute before a responsive pleading is filed, or the discovery process begins.  Except as provided

22  herein or by subsequent court order, no other pleadings or other documents may be filed in this

23  case during the stay of this action.  The parties shall not engage in formal discovery, but the

24  parties may elect to engage in informal discovery.

25      2.  Defendants shall file any motion to opt out of the Post-Screening ADR Project no more

26  than sixty days from the date of this order.

27

28  _____
[1]  If the case does not settle, the court will set a date for the filing of a responsive pleading.

2

3.  Within thirty days from the date of this order, the assigned Deputy Attorney General shall contact this court's Courtroom Deputy, Judy Streeter, at (916) 930-4004, to schedule the settlement conference.

4.  At least seven days prior to the settlement conference, each party shall submit a confidential settlement conference statement, as described above, to the judge assigned for settlement.

5.  If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

6.  The parties remain obligated to keep the court informed of their current address at all times during the stay and while the action is pending.  Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address."  See L.R. 182(f).

Dated:  January 27, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/dixs0998.adr.post.waiver.ckd

3