UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETROIS T. DIXSON, | No. 2:20-cv-00998-CKD P |
| Plaintiff, | |
| v. | ORDER |
| BETHLEHEM ASHEME HAILE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court are plaintiff's motions to compel discovery from defendants (ECF Nos. 36-37) as well as plaintiff's motion for an extension of time to file a motion to compel (ECF No. 39). For the reasons explained below, the court will deny plaintiff's motions, but sua sponte grant him an extension of time to file an opposition to defendants' motion for summary judgment.

**I.    Procedural History**

On May 7, 2021, the court entered a discovery and scheduling order governing this case. ECF No. 24. By subsequent order dated September 17, 2021, the court granted plaintiff's motions to extend the discovery deadlines. ECF No. 32. The discovery cut-off date was extended to December 6, 2021 and the pretrial motions deadline was reset to February 28, 2022. ECF No. 32.

## II. Motions to Compel

Plaintiff filed his first motion to compel on December 6, 2021 using the prison mailbox rule. ECF No. 36. Thus, it was timely filed. According to the motion, defendants have completely failed to respond to plaintiff's interrogatories, requests for production of documents, and requests for admissions that were propounded on September 24, 2021; October 5, 2021; and, November 10, 2021, respectively. ECF No. 36.

Plaintiff's second motion to compel was received in the Clerk's Office on December 27, 2021 although it is dated December 6, 2021, just like his first motion. ECF No. 37. The court has reviewed this motion and it appears entirely duplicative of the first. For this reason, the court will not separately address this motion.

Defendants filed an opposition to the motions to compel indicating that they have responded to all of plaintiff's discovery requests. ECF No. 38. Defendants attached their interrogatory responses which were served on December 1, 2021; their responses to the requests for production of documents, served on November 19, 2021; and, their responses to the requests for admissions which were served on December 23, 2021. ECF No. 38.

Rather than file a reply to defendants' opposition, plaintiff filed a motion for an extension of time to file an additional motion to compel. ECF No. 39. The motion focuses on circumstances inside plaintiff's prison, but it does not explain why a third motion to compel is necessary in this case. ECF No. 39.

## III. Legal Standards

The Federal Rules of Civil Procedure permit discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The court may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample

opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).  In a motion to compel, the moving party bears the burden of showing why the other party's responses are inadequate or their objections unjustified.  See Williams v. Cate, 2011 WL 6217378 at *1 (E.D. Cal. Dec.14, 2011), citing Ellis v. Cambra, 2008 WL 860523 at *4 (E.D. Cal. Mar.27, 2008).

**IV.     Analysis**

The court will deny plaintiff's motions to compel as he has not demonstrated that defendants' responses are inadequate.  See Williams, 2011 WL 6217378 at *1 ("Plaintiff bears the burden of informing the Court ... for each disputed response, why Defendant's objection is not justified.... Plaintiff may not simply assert that he has served discovery responses, that he is dissatisfied, and that he wants an order compelling further responses.") (citation omitted).  Here, plaintiff's assertion that defendants completely failed to respond to all of his discovery requests is not supported by the record.  For this reason, the motions are denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to compel (ECF Nos. 36-37) are denied.

2. Plaintiff's motion for an extension of time to file a third motion to compel (ECF No. 39) is denied for lack of good cause shown.

3. The court sua sponte grants plaintiff an extension of time to file an opposition to defendants' motion for summary judgment.  Plaintiff is granted 30 days from the date of this order to file an opposition or statement of non-opposition to defendants' motion.  The failure to file an opposition will result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).

Dated:  March 10, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/dixs0998.p.m2compel.docx